UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:26-cv-80010-EA

**Piana Cedillo Bernal,**

    Petitioner,

v.

**Field Office Director Miami Field Office,
Et al.**

    Respondents.
_____/

## ORDER DISMISSING PETITION

This cause comes before the Court on its order for the petitioner to show cause why her petition for a writ of habeas corpus should not be dismissed [ECF No. 4].

As alleged in the petition, the petitioner illegally entered the United States in October 2016 and was ordered removed from the United States in May 2018. ECF No. 1 ¶ 2, 5. In June 2022, the petitioner married her husband, who had filed a "U-Visa"[1] petition with the United States Citizenship and Immigration Services ("USCIS") after he had been a victim of a violent crime. ECF No. 1 ¶ 6.

A month after marrying her husband, the petitioner filed a derivative U-Visa petition with USCIS. ECF No. 1 ¶ 7. In April 2025, USCIS issued a "Bona Fide

---

[1] A "U-Visa" "is set aside for victims of certain crimes who have suffered mental or physical abuse and are helpful to law enforcement or government officials in the investigation or prosecution of criminal activity." *Victims of Criminal Activity: U Nonimmigrant Status*, U.S. Citizenship and Immigration Services (URL omitted) (last visited Jan. 12, 2026).

Determination" in the petitioner's U-Visa case and granted her deferred action. ECF No. 1 ¶ 7. The next month, United States Immigration and Customs Enforcement ("ICE") scheduled the petitioner for a case review appointment. ECF No. 1 ¶ 8. At this appointment, she was placed on an order of supervision. ECF No. 1 ¶ 8. The order of supervision explicitly states that on May 24, 2018, the petitioner was ordered to be removed pursuant to the previously commenced proceedings. ECF No. 1, Ex. D. The order of supervision also sets forth certain travel restrictions. ECF No. 1, Ex. D.

On November 12, 2025, the petitioner moved the immigration court to reopen her removal proceedings, which was denied. ECF No. 1 ¶ 9. A week later, she appealed the denial, which allegedly remains pending. ECF No. 1 ¶ 9.

Then, on December 19, 2025, the petitioner contends that ICE provided her with a "plan of action." ECF No. 1 ¶ 10. This plan of action allegedly ordered the petitioner to purchase a ticket and depart the United States by January 16, 2026. ECF No. 1 ¶ 10. The plan of action also allegedly warned the petitioner "that failure to comply with the plan of action would result in her detention and removal." ECF No. 1 ¶ 10. However, the plan of action the petitioner attached to this writ of habeas corpus does not include any of the alleged warnings or orders. ECF No. 1, Ex. E.

The petitioner then filed this petition for a writ of habeas corpus, claiming that this plan of action constitutes "confinement" because it restrains her liberty. ECF No. 1. In the petition, she argues that she is entitled to a writ of habeas corpus because (1) her Fifth Amendment Due Process rights have been violated

and (2) she cannot be removed since she received a "Bona Fide Determination" on her U-Visa petition. ECF No. 1.

After she filed her petition for writ of habeas corpus, this Court ordered the petitioner to show cause why her petition should not be dismissed. ECF No. 4. Having carefully considered the petitioner's response to this show cause order [ECF No. 5] and the record, this Court dismisses the petition because it is barred by 8 U.S.C. § 1252(g).[2]

## Analysis

8 U.S.C. § 1252(g) explicitly states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" 8 U.S.C. § 1252(g); *see also Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (explaining that § 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"); *see also Mbutha v. U.S. Immigr. & Customs Enf't*, --- F. Supp. 3d ---, No. 1:25-cv-23593-EA, 2025 WL 3550997 at *2 (S.D. Fla. Dec. 11, 2025) (explaining that "regardless of the theory raised, federal courts lack

---

[2] In addition to habeas relief, the petition also seeks declaratory and injunctive relief. ECF No. 1 ¶ 13. But declaratory and injunctive relief may not be sought through a habeas petition. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119-20 (2020) (explaining that the only relief available through a habeas petition is the relief within "the scope of the writ as it was understood when the Constitution was adopted"); *Mbutha v. U.S. Immigr. & Customs Enf't*, --- F. Supp. 3d ----, No. 1:25-cv-23593-EA, 2025 WL 3550997, 2025 U.S. Dist. LEXIS 256562, at *3 (WL), at *7 (LEXIS) (S.D. Fla. Dec. 11, 2025) ("[E]ven if there were jurisdiction over this petition, the Court would not be able to grant the injunctive and declaratory relief the petition seeks because the relief is outside the 'core' of the historical relief afforded by the writ of habeas corpus." (quoting *Thuraissigiam*, 591 U.S. at 119-20)).

subject matter jurisdiction over any challenge to the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders[.]").

Thus, by the plain language of the statute, this Court lacks subject matter jurisdiction to consider the petitioner's claims because the petitioner is challenging the Attorney General's decision to commence deportation proceedings, adjudicate her case, or execute a removal order against her.

Further, while the petitioner challenges the existence of her terms of supervision as "unlawful custody and restraints on her liberty" [ECF No. 1, ¶ 6], Congress granted the Attorney General authority to detain aliens pending removal. *See* 8 U.S.C. § 1231. Indeed, the text of § 1231 states that: "the alien, pending removal, *shall be subject to supervision under regulations prescribed by the Attorney General.*" 8 U.S.C. § 1231(a)(3) (emphasis added). The statute further provides that such supervisory regulations include provisions requiring the alien "to obey reasonable written restrictions on the alien's conduct or activity that the Attorney General prescribes for the alien." 8 U.S.C. § 1231(a)(3)(D); *see also Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001) ("[T]he alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions.").

**Conclusion**

Because § 1252(g) deprives the Court of subject matter jurisdiction over this petition, it is **ORDERED AND ADJUDGED**:

1. The petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. *See*

*Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."); *see also Mbutha*, 2025 WL 3550997 (S.D. Fla. Dec. 11, 2025) (dismissing a petition for writ of habeas corpus where the Court lacked subject matter jurisdiction over the petition under 8 U.S.C. § 1252(g)).

2. This **CASE IS CLOSED**.

3. All pending motions are **DENIED AS MOOT**, and all pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 16th day of January 2026.



ED ARTAU
UNITED STATES DISTRICT JUDGE

Copies Served:

**Jose Luis Flores**
Law Offices of Chavez & De Leon, P.A.
5975 Sunset Drive, Suite 605
S. Miami, FL 33143
Email: jose@jfloreslaw.com

**Themistoklis Elijah Aliferis**
Law Office of Sammy Aliferis PA
6303 Waterford District Dr., Ste 400
Miami, FL 33126
Email: taliferis@aliferislaw.com

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov